

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. P. Williams
County Attorney
Box 893
Yoakum County
Plains, Texas

Opinion No. O-6734
Dear Sir:                                    Re: Placing county
                                             officials of Yoakum
                                             County on salary basis
                                             instead of fee basis.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. We quote from your letter as follows:

"The County Auditor is preparing the budget for Yoakum County for the coming year.

"The Commissioner's Court of this county is considering placing the County officers on a salary basis instead of a fee basis at the beginning of the coming year.

"Please give me your ruling on the following questions:

"If the court places the officers on a salary basis, would they be governed by the old law and use the year 1935 as a basis for maximum salaries or, would they be governed by the laws under the new set up, as passed by the recent Legislature?

"The County Treasurer's salary was not included in the recent laws passed by the Legislature, what authority, if any, does the Commissioner's Court have for adjusting the salary of the County Treasurer, in line with the salaries paid to the other officers of the County?"

Hon. J. P. Williams, page 2

The population of Yoakum County as shown by the 1940 Federal Census is 5,354, and when the Commissioners' Court of said county determines that the county officers shall be compensated on the basis of an annual salary rather than on a fee basis, the amount of the annual salaries which the Commissioners' Court may fix for such officers is governed by the provisions of Section 15 of Article 3912e, Vernon's Annotated Civil Statutes, together with the amendment to said Article, set forth in Section 4 of Senate Bill No. 123, Acts of the 49th Legislature, 1945. The above mentioned Article (as amended) contains general provisions as to the minimum and maximum salaries, applicable to all counties having a population of less than 20,000 inhabitants, according to the last preceding Federal Census, where the Commissioners' Court has determined that the county officers shall be paid on a salary basis, as well as special provisions, applicable under certain circumstances, whereby the Commissioners' Court may allow certain percentages of increase to be added to the amount of the salaries allowed under the general provisions of said section.

As a general provision with reference to the minimum and maximum salaries of county officers, in counties having a population of less than 20,000 inhabitants according to the preceding Federal Census, we find the following language in Section 15, Article 3912e, V. A. C. S.:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24th, 1935......"

Hon. J. P. Williams, page 3

Thus, under the above quoted general provision, the minimum salary which may be paid to the officers referred to is the amount earned as compensation by each respective officer in his said official capacity for the fiscal year 1935, while the maximum salary under said general provision of this section is the maximum compensation which each respective officer was allowed under laws existing August 24, 1935, ($3,000.00 for officers included therein, other than the county treasurer; $2,000.00 for the county treasurer).

With reference to special provisions authorizing certain percentages of increase to be added to the foregoing amounts allowed under the general provisions, the pertinent provisions are:

(1) ". . . provided, that in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census, and having an assessed valuation in excess of Ten Million ($10,000,000.00) Dollars according to the last preceding approved tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation, or fractional part thereof, in excess of said Ten Million ($10,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935, . . ." (Section 15, Article 3912e)

Thus, when the Commissioners' Court determines to increase the officers salaries above the amounts allowed under the general provisions ($3,000.00 - $2,000.00), under the above quoted provision, one percent per million or fraction, thereof of county tax valuation above $10,000,000.00 may be added to the foregoing amounts.

(2) "That Section 15 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(b) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional

amount not to exceed twenty-five (25%) per cent
of the sum allowed under the law for the fiscal
year of 1944, provided the total compensation
authorized under the law for the fiscal year of
1944 did not exceed the sum of Thirty-six Hundred
($3600.00) Dollars.'" (Sec. 4, S. B. 123, Acts
49th Legislature, 1945)

This provision authorizes the Commissioners' Court
to allow an increase in the salaries of the officers referred
to, not to exceed twenty-five percent above the amount allowed
under the law as compensation for such officers for the fiscal
year 1944. Thus, in order to determine the maximum salaries
allowable in Yoakum County under this provision when said county
changes to the salary system on January 1, 1946, it is first
necessary to determine what amount was allowed under the law for
said officers in Yoakum County for the fiscal year 1944. In the
fiscal year 1944, said officers of Yoakum County were compen-
sated on a fee basis and were subject to the provisions of
Articles 3883 and 3891, V. A. C. S., except the county treasurer
whose maximum compensation was governed by the provisions of
Article 3943, V. A. C. S. The compensation allowed those offi-
cers governed in the year 1944 by the provisions of Articles
3883 and 3891 was limited to $3,000.00, while under the provi-
sions of Article 3943, the compensation of the county treasurer
was limited to $2,000.00. We note here that the provisions of
Section 15, Article 3912e, authorizing the amount allowed under
laws existing August 25, 1935, to be increased at the rate of
one percent per million or fraction thereof of county tax valua-
tion in excess of $10,000,000.00, according to the last approved
tax roll, applies only to those counties operating on the salary
basis. Since Yoakum County was not operating under the salary
law in the fiscal year 1944, the one percent per million in
excess of ten million referred to in said salary law could not b
applied in determining the amount of the salaries allowed under
the law for the officials of Yoakum County for the fiscal year
1944. Thus, in a county, such as Yoakum County, that operated
on a fee basis in 1944, the amount allowed under the law for
the fiscal year was governed by the limitations of Articles
3883, 3891 and 3943. When the twenty-five percent increase

Hon. J. E. Williems, page 5

authorized by Section 4 of S. B. No. 123, is added to the maximum amount allowed under the law for the fiscal year 1944, the total maximum annual salary allowable by virtue of such provision would be $3750.00 ($3,000.00 plus 25%) for all officers referred to, except the county treasurer whose maximum annual salary would be $2500.00 ($2,000.00 plus 25%).

Summarizing the above and foregoing, you are advised:

(1) Under the general provisions of Section 15, Article 3912e, without reference to the application of any special provision authorizing percentages of increase, the maximum annual salary of the officers included therein is the maximum amount of compensation allowed such officers under laws existing August 24, 1935, ($2,000.00 for the county treasurer; $3,000.00 for other officers referred to).

(2) Under the special provisions authorizing percentages of increase above the foregoing amounts under the general provisions, the maximum percentage of increase, insofar as Yoakum County is concerned, would be twenty-five percent, unless the tax valuation of said county as shown by the approved tax rolls of 1945 was such an amount that an increase of more than twenty-five percent would be authorized. Stated differently, it would be necessary that the 1945 tax valuation of Yoakum County be in excess of $35,000,000.00 before the foregoing amounts ($3,000.00 and $2,000.00) could be increased more than twenty-five percent. Thus, if the 1945 tax valuation of Yoakum County is $35,000,000.00 or less, the maximum annual salary of the county treasurer for the fiscal year 1946 would be $2500.00, and for other officers governed by the salary law, the maximum annual salary would be $3750.00.

Hon. J. P. Williams, page 6

With reference to your question as to the adjustment that may be made in the county treasurer's salary, the foregoing discussion includes the provisions applicable to the county treasurer where a county compensates its officers on the basis of an annual salary. When a county operates on a salary basis, the provisions of Section 15, Article 3912e (as amended) are applicable to the compensation of the county treasurer. However, when a county compensates its officers on a fee basis, we know of no provision authorizing any increase beyond the $2,000.00 maximum compensation authorized by Article 3943. In this connection we refer you to our Opinion No. 0-6588, addressed to you, wherein it was pointed out that Senate Bill No. 123 in no way amended the provisions applicable to the maximum compensation of the county treasurer when the officers of the county are compensated on a fee basis.

We trust that the above and foregoing satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _J. A. Ellis_
J. A. Ellis
Assistant

APPROVED AUG 3, 1945

JAE:rt